IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Jordan Guzzardi | Civil Action No. |
|       Plaintiff | |
| v. | |
| Trans Union, LLC | Complaint |
| | And |
|       Defendant | |
| | Demand for Jury Trial |

**COMPLAINT**

NOW comes the Plaintiff, Jordan Guzzardi (hereinafter the "Plaintiff"), through their Counsel of record to make their allegations known against the Defendants by and through their complaint that alleges the following:

**PRELIMINARY STATEMENT**

1.  This is an action for actual, statutory and punitive damages, costs, and attorney's fees pursuant to 15 U.S.C. §1681 et seq. (Federal Fair Credit Reporting Act).

**JURISDICTION AND VENUE**

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

3.  Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to the claim occurred here since Plaintiff resides in the Eastern District of Louisiana. Venue is also proper under 28 U.S.C. §1391(b)(1) due to the fact Trans Union reports on consumers in the Eastern District of Louisiana and thus resides in the Eastern District of Louisiana by maintaining sufficient contacts. Thus, venue is appropriate as to

1

Trans Union, LLC under 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2) because Trans Union, LLC is deemed a resident of this district because of its sufficient contacts, and a substantial part of the events giving rise to Plaintiff's claims against Trans Union, LLC occurred in the Eastern District of Louisiana since Plaintiff resides here and their damages occurred here.

## PARTIES

4.    Plaintiff is a natural person and is a citizen of Louisiana. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5.    Defendant, Trans Union, LLC, (hereinafter Trans Union) is a For-Profit Limited Liability Company registered to do business in Louisiana and with a registered agent in Louisiana. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d) to third parties. Based on information and belief, Trans Union is reporting consumer credit files on a substantial number of consumers in Louisiana.

## FACTUAL ALLEGATIONS

6.    Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

7.    Plaintiff's debt on Fedloan accounts # ****0001, #****0002, and #*****0003 arose from student loans. The debt from the accounts # ****0001 and #****0002 were eliminated on or about July 11, 2016 which brought them current with a $0 balance. The debt from the account # ****0003 was eliminated on or about July 29, 2016 which brought it current with a $0 balance. Plaintiff's debt obligations on Fedloan accounts # ****0001 and #****0002 ceased to exist on or before July 11, 2016. Plaintiff's debt obligations on Fedloan account # ****0003 ceased to exist

on or before July 29, 2016. Despite the debt related to Fedloan accounts # ****0001 and #****0002 being fully eliminated on or before July 11, 2016, Fedloan continued to report an erroneous pay status of "Account 120 Days Past Due" as of 11/07/2018. And despite the debt related to Fedloan account # ****0003 being fully eliminated on or before July 29, 2016, Fedloan continued to report an erroneous pay status of "Account 120 Days Past Due" as of 11/07/2018.

8.  TransUnion's report dated 11/07/2018 reported Plaintiff's Fedloan accounts with a current "Pay Status: Account 120 Days Past Due" even though Plaintiff's debt on these accounts ceased to exist on or before July 11, 2016 for account # ****0001 and account #****0002, and July 29, 2016 for account #****0003.

9.  Although Plaintiff's accounts had a zero balance, Plaintiff's Trans Union report dated 11/07/2018 reported the "Pay Status: Account 120 Days Past Due." It is impossible and incorrect for accounts that are closed with a "0" balance to still be reporting as late as of 11/07/2018. Not only are the Fedloan accounts false on the face of the credit report but this reporting is extremely misleading because it makes it look like the Plaintiff is still late on these accounts that were previously brought to a zero balance.

10.  As required by the Fair Credit Reporting Act, Plaintiff mailed a detailed and thorough dispute letter to Trans Union disputing the erroneous current pay status of "Account 120 Days Past Due" that Fedloan was reporting to Trans Union. Based on information and belief, Trans Union sent an ACDV to Fedloan to alert them of Plaintiff's dispute and give them the opportunity to investigate Plaintiff's dispute and correct or delete any incorrect data that they were reporting to Trans Union. Instead of correcting the erroneous historical pay status that they were reporting to Trans Union on Fedloan accounts # ****0001, #****0002, and #*****0003,

Fedloan verified the inaccurate pay status to Trans Union and continued to report a historical pay status to Trans Union instead of a current pay status on Plaintiffs accounts with Fedloan. As a result of Plaintiff's dispute, Fedloan verified the current pay status of the accounts as accurate and instructed Trans Union to continue to report an inaccurate pay status of "Pay Status: 120 Days Past Due." As a result of Fedloan's unreasonable and lacking investigation, Trans Union continued to report the inaccurate pay status on Plaintiff's Trans Union Credit Report at the instructions of Fedloan. Plaintiff's latest Trans Union credit report dated 11/07/2018 is currently reporting the same inaccurate pay status on the Fedloan accounts.

11. Based on information and belief, Trans Union has abandoned and been derelict in its duties under the Fair Credit Reporting Act and has not conducted its own independent investigation into Plaintiff's dispute of the Fedloan accounts.

12. Trans Union did not follow reasonable procedures to assure maximum possible accuracy and has been reporting false and inaccurate information even after it knew or should have known the information was incorrect.

13. Fedloan did not provide a good faith and reasonable investigation into the disputed current pay status on the accounts they report to Trans Union on Plaintiff. Fedloan's investigation was unreasonable and lacking because it failed to lead Fedloan to correct the inaccurate pay status they were reporting to Trans Union on Plaintiff. A reasonable investigation would have discovered they should be reporting the accounts to Trans Union as "was previously 120 Days Past Due" or "Current, was previously 120 Days Past Due." If the accounts had been reported in either of these methods, it would have no longer been reviewed as a current past due obligation and would have had much less of an impact on Plaintiff's credit profile after two years from the date the account balances were eliminated. Instead the Fedloan accounts are being

reported as a current past due obligation monthly.

14. Trans Union did not provide a good faith investigation into the disputed pay status of the Fedloan accounts. Based on information and belief, Trans Union did nothing more than parrot data from Fedloan in their investigation.

15. The Fedloan accounts are not only inaccurate, but also misleading, which the Fifth Circuit has addressed. The Fifth Circuit has ruled that a credit report is inaccurate on its face if it is so misleading that it leads to adverse credit decisions, *please see Sepulvado vs. CSC Credit Services*, 158 F.3d 890, 895 (5th Cir. 1988) (a consumer report is inaccurate if it is "misleading in such a way and to such an extent that it may be expected to adversely affect credit decisions").

16. Trans Union has a statutory duty to have reasonable procedures to assure maximum accuracy. Their procedures regarding the reporting of current pay statuses are not assuring accuracy, much less maximum accuracy. Trans Union's lacking policies and procedures are continuing to allow data furnishers such as Fedloan, to report historical pay statuses where a current pay status is needed.

17. The reporting of this inaccurate payment status on Plaintiff's credit report negatively reflects upon the Plaintiff, their credit repayment history, their financial responsibility as a debtor and their credit worthiness. The inaccurate pay status was furnished by Fedloan and reported by Trans Union, misrepresenting the payment rating and/or status of Plaintiff's accounts, and is currently being reported and reflected upon Plaintiff's most recent credit report, resulting in lowering Plaintiff's credit score and furthering and increasing Plaintiff's damages.

18. Plaintiff's credit reports, credit information and file formulated by Trans Union have been viewed by current and potential credit grantors and extenders of credit, as indicated by inquiries on each of their credit reports. The inaccurate information furnished by Fedloan and

reported by Trans Union is continuing to damage Plaintiff's credit rating as well as their credit reputation.

19. As a result of Defendant Trans Union's conduct, Plaintiff has suffered great physical, emotional, and mental pain and anguish, all to Plaintiff's great detriment and loss.

20. As a result of Defendant's conduct, Plaintiff has suffered actual damages all to Plaintiff's great detriment and loss.

21. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

22. At all times pertinent hereto, the conduct of the Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

23. Plaintiff incorporates by reference the foregoing paragraphs and footnotes as though the same were set forth at length herein.

24. This suit is based upon the Defendant's violations of the Fair Credit Reporting Act. All causes of action were the producing causes of damages which Plaintiff has suffered.

## COUNT I—VIOLATION OF THE FAIR REPORTING ACT

25. Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

26. This suit is brought against the Defendant as the damages made the basis of this suit were caused by their violations of the FCRA. In all instances of violating the FCRA, Defendant

did so willfully and/or negligently. Under, 15 U.S.C. §1681n and §1681o, the Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees.

15 U.S.C. §1681n, "Civil Liability for willful noncompliance" reads:

> (a) Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000
> (2) such amount of punitive damages as the court may allow; and
> (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorneys fees as determined by the court.

And 15 U.S.C. §1681o, "Civil Liability for negligent noncompliance" reads:

> (a) Any person who is negligent in failing to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of:
>
> (1) any actual damages sustained by the consumer as a result of the failure; and
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action with reasonable attorney's fees as determined by the court.

### *TransUnion's FCRA Violations*

27.     Trans Union violated their duty under 15 U.S.C. §1681i(a)(1)(A) to conduct a good faith investigation into Plaintiff's notice of dispute. Plaintiff requested Trans Union to reinvestigate the inaccurate reporting of the current pay status on their Fedloan accounts via a detailed and thorough dispute letter specifically disputing the inaccurate current "Pay Status: 120 Days Past Due".

28.     The dispute was detailed, thorough and informed Trans Union of all the relevant information regarding the inaccuracies of the accounts and provided enough information to show

the accounts were being reported inaccurately. A portion of the dispute letter is reproduced below.

RE: Jordan Guzzardi


DOB
SSN ****4932

Attn TransUnion Dispute Department:

    I am sending you this dispute letter on behalf of my client listed above. The following accounts have a balance of $0 with a late status. This is simply incorrect. If my client owes them no money and has no payments that are behind, then it is impossible for their current status to be listed as late. Please see below:

| Data Furnisher | Account Number | Status | Balance |
|---|---|---|---|
| FedLoan | ****0003 | 120 Days Past Due | $0 |
| FedLoan | ****0002 | 120 Days Past Due | $0 |
| FedLoan | ****0001 | 120 Days Past Due | $0 |

    If this incorrect information is not removed or corrected from my client's credit report further action might be instituted under 15 U.S.C. § 1681. If necessary or required, we will obtain local and licensed counsel to aid in this matter. The data furnisher that we are disputing above has a lengthy history of FCRA violations, which can be proven by viewing PACER. Please let this serve notice that the information that they have in the past, as well as current credit data that they are providing you, is inaccurate and cannot be trusted. Please respond to this dispute by sending your investigation results to my law firm, McCarty & Raburn Law Firm, A Consumer Law Firm PLLC, 3000 Custer Road, Suite 270 #1501, Plano, TX 75075.

Sincerely,

Jonathan Raburn

29.     Trans Union did not conduct a good faith and reasonable investigation into Plaintiff's dispute. If they had, they would have discovered that Fedloan was reporting an incorrect historical pay status to them instead of an accurate current pay status. All the information Trans Union needed to determine this was in its own records and files. Based on information and belief, Trans Union forsook its duties under the Fair Credit Reporting Act and has not conducted its

own independent investigation into Plaintiff's dispute of the Fedloan accounts. Trans Union simply parroted data from an ACDV sent to it by Fedloan. Based on information and belief, Trans Union did not place one call or send one email investigating Plaintiff's dispute of the Fedloan accounts. Trans Union simply regurgitated data from the ACDV.

30.     The disputed accounts have a current pay status that is "Pay Status: Account 120 Days Past Due" even though Trans Union is currently reporting Plaintiff's accounts with a "$0" balance. It is impossible for Plaintiff to make "$0" payments to bring the accounts current. With this type of reporting, Plaintiff will never be able to bring the accounts current. A reproduction of the inaccurate reporting is seen below.

### FEDLOAN SERVICING # ▓▓▓▓ OFDO**** (POB 60610, HARRISBURG, PA 17106, (800) 699-2908)

| | |
|---|---|
| Date Opened: | 11/05/2009 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |
| Balance: | $0 |
| Date Updated: | 07/11/2016 |
| Last Payment Made: | 10/19/2015 |
| High Balance: | $1,222 |
| Pay Status: | ›Account 120 Days Past Due‹ |
| Terms: | Monthly for 120 months |
| Date Closed: | 07/11/2016 |
| | ›Maximum Delinquency of 120 days in 11/2015 and in 07/2016‹ |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 07/2022

| | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK | OK |

| | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK |

### FEDLOAN SERVICING # ▓▓▓▓ OFDO**** (POB 60610, HARRISBURG, PA 17106, (800) 699-2908)

| | |
|---|---|
| Date Opened: | 11/05/2009 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |
| Balance: | $0 |
| Date Updated: | 07/11/2016 |
| Last Payment Made: | 10/19/2015 |
| High Balance: | $2,028 |
| Pay Status: | ›Account 120 Days Past Due‹ |
| Terms: | Monthly for 120 months |
| Date Closed: | 07/11/2016 |
| | ›Maximum Delinquency of 120 days in 11/2015 and in 07/2016‹ |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 07/2022

| | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | OK | OK | OK |

| | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK |

### Fed Loan Servicing # ▓▓▓▓ OFDO**** (PO Box 60610, HARRISBURG, PA 17106, (800) 699-2908)

| | |
|---|---|
| Date Opened: | 11/17/2008 |
| Responsibility: | Individual Account |
| Account Type: | Installment Account |
| Loan Type: | STUDENT LOAN |
| Balance: | $0 |
| Date Updated: | 07/29/2016 |
| Last Payment Made: | 10/19/2015 |
| High Balance: | $3,500 |
| Pay Status: | ›Account 120 Days Past Due‹ |
| Terms: | Monthly for 120 months |
| Date Closed: | 07/29/2016 |
| | ›Maximum Delinquency of 120 days in 11/2015 and in 07/2016‹ |

Remarks: DISP INVG COMP-CONSUM DISAGRS; ACCT CLOSED DUE TO TRANSFER; TRANSFERRED TO ANOTHER OFFICE
Estimated month and year that this item will be removed: 05/2019

| | 06/2016 | 05/2016 | 04/2016 | 03/2016 | 02/2016 | 01/2016 | 12/2015 | 11/2015 | 10/2015 | 09/2015 | 08/2015 | 07/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 120 | 90 | 90 | OK | OK |

| | 06/2015 | 05/2015 | 04/2015 | 03/2015 | 02/2015 | 01/2015 | 12/2014 | 11/2014 | 10/2014 | 09/2014 | 08/2014 | 07/2014 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 06/2014 | 05/2014 | 04/2014 | 03/2014 | 02/2014 | 01/2014 | 12/2013 | 11/2013 | 10/2013 | 09/2013 | 08/2013 | 07/2013 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK | OK |

| | 06/2013 | 05/2013 | 04/2013 | 03/2013 | 02/2013 | 01/2013 | 12/2012 | 11/2012 | 10/2012 | 09/2012 | 08/2012 | 07/2012 | 06/2012 | 05/2012 | 04/2012 | 03/2012 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Rating | OK | OK | X | X | X | X | X | X | X | X | 90 | 60 | OK | OK | X | X |

| | 02/2012 | 01/2012 | 12/2011 | 11/2011 | 10/2011 |
|---|---|---|---|---|---|
| Rating | X | X | X | X | X |

31.  Trans Union was notified and made aware of the specific issues from the dispute letter. It should have been easy for Trans Union to determine that the accounts were extremely inaccurate with the information that was provided.

32.  Trans Union is allowing the data furnisher, Fedloan to report historical data within a data field for the current status of the accounts. When a current status code is used to report historical data, the credit scoring algorithm's treat the historical data as current data. The effect is

obvious. The erroneous status decreases the consumer's credit worthiness by implying that the consumer is currently late on an existing obligation. In other words, if Fedloan would have reported Plaintiff's Fedloan accounts as previously late on their loans—an accurate reporting, Plaintiff would not be here today.

33. The fact that Trans Union is currently reporting inaccurate information on Plaintiff's credit profiles/credit reports to the best of Plaintiff's information and belief, which are viewable and have been viewed by third parties, is proof that Trans Union did not conduct a reasonable investigation. If Trans Union would have thoroughly investigated the issues, they would have determined that the accounts were paid off, with a "$0" balance and still reporting as if Plaintiff is currently late and past due. If Trans Union had conducted a reasonable and good faith investigation they would have corrected or deleted the Plaintiff's accounts that are inaccurate and misleading.

The section entitled "Procedure in case of disputed accuracy" under 15 U.S.C. §1681i(a)(1)(a) reads:

> (a) Reinvestigations in case disputed information
>
> (1) Reinvestigation required
>
>> (A) In general-- Subject to subjection (f), if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30 day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

And:

15 U.S.C. §1681i(a)(5) reads:

> (5) Treatment of Inaccurate or Unverifiable Information

>> (A)*In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-
>>
>>> (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and
>>>
>>> (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

34. Trans Union is currently violating 15 U.S.C. §1681e(b), by not following reasonable procedures to assure maximum possible accuracy. If Trans Union was complying with 15 U.S.C. §1681e(b), it would place a filter or formula in its reporting system that would suppress or block accounts with a zero balance from being reported with a current status of past due or late.

35. Plaintiff's debt on the Fedloan accounts were fully eliminated, but Trans Union continued to report the accounts with a late/past due status. If Trans Union had reasonable procedures, they would not allow accounts to report as though the accounts are currently past due, with a "$0" balance. This simply makes no logical sense. Trans Union should be reporting the accounts as "current" or was "previously past due" and not "past due." These accounts are reporting as though the Plaintiff is currently past due each month. With this type of reporting, Plaintiff will never be able to make their accounts current. Trans Union lacks the procedures to avoid such faulty reporting. Trans Union knows that these accounts were paid, however, they continue to report a current status as past due.

> 15 U.S.C. §1681e(b) reads as follows:
>
>> (a) Accuracy of the Report
>>
>> Whenever a consumer reporting agency prepares a consumer

>report it shall follow reasonable procedures as assure maximum possible Accuracy of the information concerning the individual about whom the report relates.

36. Trans Union has been on notice that reporting an account with a $0 balance and a late status is not accurate. Trans Union was a co-defendant in Macik v. JPMorgan Chase Bank, N. A., et al.: U.S. District Court for the Southern District of Texas, Galveston Division (Case 3:14-cv-44). Plaintiff's Counsel filed suit against Transunion, Equifax and JPMorgan Chase bank in Galveston, Texas, alleging that they were reporting her pay status as 90 days past due, with a zero ($) balance, even though the account was paid off five years earlier. Macik lost a home loan because the program that is used in determining eligibility specifically stated that her Chase account was late two or more times in the last twelve months, even though the loan it was referring to was paid in full five (5) years earlier.

37. The Macik jury determined that reporting an account with a $0 balance, and a current late pay status, is not only inaccurate, but a willful violation of the FCRA. Trans Union knows this because they were a co-defendant and had counsel present when the jury verdict was rendered as well as receiving an ECF copy of the ruling. Plaintiff cites this case to show that this inaccurate reporting is an issue that not only should be determined by a jury, but that, in fact, a jury has already returned a verdict on the issue deeming this type of reporting as inaccurate and a willful violation of the FCRA.

### *Third Parties have viewed Plaintiff's Trans Union Credit Report*

38. The negative tradeline(s) reported by Fedloan on Plaintiff's Trans Union Credit report have been viewed by third parties all to the detriment and loss of the Plaintiff.

39. The following potential extenders of credit have reviewed Plaintiff's Trans Union Credit report and viewed the inaccurate Fedloan accounts on it:

      a. State Farm Bank on April 4, 2019;

      b. Capital One, N. A. on March 9, 2019;

      c. Chase on April 9, 2019; and

      d. JP Morgan Chase on March 28, 2019.

40. Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradelines provided by Fedloan on Plaintiff's Trans Union report even though Trans Union was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

41. The conduct of the Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendant is liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

### *Industry Guidelines cannot negate Defendant's obligations under the FCRA*

42. The Defendant cannot rely on their industry guidelines as a defense in this matter. Please see EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant. ("We agree with Plaintiff that Defendant may not use these guidelines as a defense here. Notably, Defendant does not cite to any legal authority for the proposition that adherence to these industry guidelines shields it from FCRA liability. See ECF No. 86 at 15-16. Indeed, the relevant case law plainly runs counter to this argument. See, e.g., Florence v. Cenlar Fed. S&L, No. 16-587, 2018 U.S. Dist. LEXIS 34151, at *20 (D. Nev. Mar. 1, 2018) ("industry guidelines—such as Metro 2—do not establish the standards for accuracy under the FCRA."); Burrows v. Experian Info. Sols., Inc., No. 16-6356, 2017 U.S. Dist. LEXIS 39845, at *21-22 (N.D. Cal. Mar. 20, 2017) ("FCRA does not mandate compliance with Metro 2 or any other particular set of industry standards.").

EMILY COULTER, Plaintiff, v. CHASE BANK USA, N.A., Defendant., No. CV 18-1538, 2020 WL 5820700, at *12 (E.D. Pa. Sept. 30, 2020).

43.     Plaintiff has suffered actual harm due to Trans Union still reporting the negative tradelines provided by Fedloan on Plaintiff's Trans Union report even though Defendant was put on notice of the inaccurate negative reporting through Plaintiff's dispute letter.

44.     The conduct of Defendant was the direct and proximate cause, as well as, a substantial factor in bringing about the serious injuries, damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory and punitive damages, as well as, such other relief, permitted by law.

## DEMAND FOR JURY TRIAL

45.     Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants based on the following requested relief:

a.  Actual damages pursuant to 15 U.S.C. §1681;

b.  Statutory damages pursuant to 15 U.S.C. §1681;

c.  Punitive damages pursuant to 15 U.S.C. §1681;

d.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1681n, §1681o; and

e.  Such other and further relief as may be necessary, just and proper.

Dated:  November 5, 2020

>    Respectfully submitted,

>    /s/Jonathan Raburn

Jonathan Raburn
ATTORNEY FOR PLAINTIFF
Louisiana Bar Roll No. 28728
McCarty & Raburn, A Consumer Law Firm, PLLC
2931 Ridge Rd. Suite 101 #504
Rockwall, Texas 75032
jonathan@geauxlaw.com
Phone 225-412-2777